IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY EMANUEL POLLARD,

        Plaintiff,                  1: 09 CV 01232 LJO  MJS PC

  vs.                                FINDINGS AND RECOMMENDATION RE MOTION FOR INJUNCTIVE RELIEF
(Doc. 14)

K. HARRINGTON,

        Defendant.

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's motion for a court order directing prison officials to re-issue items of personal property to Plaintiff.

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, initiated this action by civil complaint filed in the Northern District on May 1, 2009.  The case was transferred to this court on July 9, 2009.   In the order transferring the action, the court noted that "Plaintiff has filed a pro se civil rights complaint under 42 USC Section 1983 alleging that certain correctional officers violated his constitutional rights."  On March 18, 2010, this court dismissed the complaint for failure to state a claim upon which relief could be granted, but gave plaintiff leave to file an amended complaint.

On April 28, 2010, the time for filing an amended complaint was extended thirty days.

In the order dismissing the complaint, this court described the complaint as a letter from Plaintiff to the Warden at Kern Valley State Prison complaining about the loss of certain items of Plaintiff's personal property. Plaintiff also claimed he had been held in the Administrative Segregation Unit (AdSeg) for over two months without being formally charged with misconduct. Plaintiff was advised of the pleading requirements for filing a proper civil rights complaint. He also was advised of the substantive legal requirements for stating a 42 U.S.C. § 1983 claim for relief for deprivation of property and placement in Administrative Segregation.

Before entry of the order dismissing his complaint, Plaintiff filed a three page affidavit characterized as a motion for injuctive relief. In it Plaintiff indicates that he was placed in AdSeg on October 7, 2009, for refusing to accept a cellmate and that unidentified correctional officers "seized and stored" Plaintiff's personal property. Plaintiff also indicates that his litigation efforts are being used against him to force him to accept an incompatible cellmate. Finally, Plaintiff complains of difficulty accessing the courts and complying with deadlines.

As noted, Plaintiff has been granted an extension of time in which to file an amended complaint, but he has filed no such thing. Thus, there presently is no operative pleading in this case.

A preliminary injunction is designed to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc</u>., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. An

injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits or raise questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction; as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this case, the court has dismissed plaintiff's amended complaint with leave to amend. Plaintiff has not amended. There is then no case or controversy before the court at this time. There being no case or controversy, the court has no jurisdiction to issue a preliminary injunction.

Further, the only defendant identified by the Plaintiff is the Warden at Kern Valley State Prison. Plaintiff seeks injunctive relief against unspecified correctional officials. The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff has not stated a claim against any defendant, and no defendant has appeared in this action.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 6, 2010**            /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE