UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERRY EMANUEL POLLARD,

Plaintiff,

v.

K. HARRINGTON, et al.,

Defendants.

_________________________________/

CASE NO. 1:09-cv-1232-LJO-MJS (PC)

FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO ORDER DEFENDANTS TO REISSUE PERSONAL PROPERTY BE DENIED

(ECF No. 14)

Plaintiff Jerry Pollard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's Motion to Order Defendants' to Reissue Personal Property in which he asks the Court to order prison officials to return property seized when plaintiff was placed in administrative segregation. [ECF No. 14] Plaintiff alleges that prison officials took his legal materials, including books and papers and stamps and envelopes he used to communicate with the Court. Plaintiff contends that this seizure violates his constitutional right to access the courts. The Court construes this Motion as a request for injunctive relief.

A plaintiff seeking injunctive relief is required to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009)

(citation omitted); Stormans, Inc., 586 F.3d at 1119.

Plaintiff initiated this action on May 1, 2009 to remedy constitutional violations that allegedly occurred from 2007 through early 2009. (ECF No. 1.) The instant Motion alleges that Plaintiff's personal property was seized on October 7, 2009, after the events underlying this action occurred. (ECF No. 14.)

The Court finds that Plaintiff has failed to allege an injury that is concrete, particularized, and capable of being redressed by the Court in this action. Because the events complained of in the instant Motion occurred after the filing of this action, the Court lacks jurisdiction to issue the order sought by Plaintiff. See Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (denying relief when favorable judicial decision would not redress the injury). Should Plaintiff succeed on the merits of his claim, such success would not entitle him to the return of property seized after this action was initiated. Because a favorable judicial decision would not redress the injury alleged in the instant Motion, Plaintiff is not entitled to injunctive relief. See Summers, 129 S. Ct. at 1149.

Moreover, even if timing were not an issue, Plaintiff has failed to allege an actual injury that is concrete and particularized. "To prove a violation of the right to meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007). To the extent that Plaintiff is being denied access to his legal materials, he has failed to show that such denial has hindered his ability to prosecute this lawsuit. Plaintiff has met all of the deadlines imposed on him by the Court thus far, even those that have occurred after his property was seized, and has failed to show that there is a pending deadline that may be adversely affected by the seizure of his legal materials.[1]

[1] The Court notes that Plaintiff has recently filed an Amended Complaint [ECF No. 21] which the Court must screen pursuant to 28 U.S.C. § 1915A(a) before this matter can proceed. As such, no action is required on the part of the Plaintiff at this time.

Accordingly, it is RECOMMENDED that Plaintiff's Motion to Order Defendants to Reissue Plaintiff's Personal Property [ECF No. 14] be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: July 26, 2010

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE