UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY EMANUEL POLLARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO.　1:09-cv-1232-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RETURN OF LEGAL MATERIALS<br><br>(ECF No. 30) |

Plaintiff Jerry Emanuel Pollard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion entitled "Injunctive Relief - Motion to Compel Defendants to Return Plaintiff's Legal Materials." (ECF No. 30.) Plaintiff asks the Court to order prison officials to return property that was seized when he was placed in administrative segregation for refusing to accept a cell-mate. (*Id.*)

A plaintiff seeking injunctive relief is required to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 129 S. Ct. 1142, 1149 (2009) (citation omitted).

Plaintiff is proceeding under his First Amended Complaint. (Resp., ECF No. 29.) It was signed by Plaintiff on May 26, 2010 and filed on June 4, 2010. (ECF No. 21.)

1  Plaintiff asks the Court to remedy constitutional violations that allegedly occurred during
2  a period from 2007 through early 2009. (*Id.*)  The instant Motion alleges that Plaintiff's
3  personal property was seized on or about June 5, 2010, well after the events underlying
4  this action occurred.  (ECF No. 30.)  Thus, even if Plaintiff succeeds on the merits of his
5  Complaint in this action, such success would not entitle him to the return of property seized
6  after this action was initiated.

7  Because the events complained of in the instant Motion occurred after the filing of
8  this action, the Court lacks jurisdiction to issue the order sought by Plaintiff. See Summers,
9  129 S. Ct. at 1149 (denying relief when favorable judicial decision would not redress the
10 injury).  Because a favorable judicial decision would not redress the injury alleged in the
11 instant Motion, Plaintiff is not entitled to injunctive relief.  Id.

12 Moreover, even if such timing were not an issue, Plaintiff has failed to allege an
13 actual injury that is concrete and particularized.  To the extent that Plaintiff is being denied
14 access to legal materials, he has failed to show that such denial has caused him a
15 particular harm or hampered his ability to prosecute this lawsuit.  Plaintiff has met all of the
16 deadlines imposed on him by the Court thus far, even those coming after his property was
17 seized.

18 Thus, the Court finds that Plaintiff has failed to allege an injury that is concrete,
19 particularized, and can be redressed by the Court in this action.

20 Accordingly, it is RECOMMENDED that Plaintiff's Motion to Compel Defendants to
21 Return Plaintiff's Legal Materials (ECF No. 30) be DENIED.

22 This Findings and Recommendation is submitted to the assigned United States
23 District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
24 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
25 of California. Within thirty (30) days after being served with a copy, any party may file
26 written objections with the court and serve a copy on all parties.  Such a document should
27 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The
28 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).

1  The parties are advised that failure to file objections within the specified time may waive
2  the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

4  IT IS SO ORDERED.

5  Dated:  July 28, 2011                     /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE