# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY EMANUEL POLLARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-1232-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 34) |

　　　Plaintiff Jerry Emanuel Pollard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Before the Court is Plaintiff's Motion entitled "Order to Show Cause for a Preliminary Injunction." (ECF No. 34.) Plaintiff asks the Court to enjoin Defendants from depriving him of his legal materials, personal property, and independent living status under the Americans with Disabilities Act. (Mot. at 2.) Plaintiff also asks that Defendants and "their members" at Salinas Valley State Prison, where Plaintiff is currently incarcerated, be restrained from transferring him. (Mot. at 3.)

　　　Plaintiff currently is incarcerated at Salinas Valley State Prison. (ECF No. 25.) He is proceeding here on a First Amended Complaint which seeks to remedy alleged constitutional violations that occurred from 2007 through early 2009 at Kern Valley State Prison. (ECF No. 28; ECF No. 29.) The Court has yet to screen Plaintiff's First Amended Complaint.

　　　The instant Motion alleges that Plaintiff's personal property was seized on or about

June 5, 2010, well after the events complained of in his First Amended Complaint. (Mot. at 2.) Plaintiff also alleges that unnamed Defendants are depriving him of his personal property and right to "single cell" status. (Mot. at 1-2.)

Plaintiff's Motion seeking relief for events at Salinas Valley State Prison does not involve or relate to acts by the Defendants who are named in his First Amended Complaint. Similarly, it is unlikely that the Defendants (at Kern Valley State Prison) named in Plaintiff's First Amended Complaint play any role in transferring Plaintiff from Salinas Valley State Prison. Plaintiff does not allege they do. (Mot. at 3.)

A plaintiff seeking injunctive relief is required to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 555 U.S. 488, 129 S. Ct. 1142, 1149 (2009) (citation omitted).

The Court finds that Plaintiff has failed to allege an injury that is concrete, particularized, and traceable to a Defendant in his action. Because the events which are the subject of the instant Motion occurred after the filing of this action and concern individuals at a different prison who are not named Defendants, the Court lacks jurisdiction to issue the order sought by Plaintiff. See Summers, 129 S. Ct. at 1149 (denying relief when favorable judicial decision would not redress the injury). Success on the merits of his first Amended Complaint would not entitle Plaintiff to any of the relief he seeks in this motion. Because a favorable judicial decision would not redress the injury alleged in the instant Motion, Plaintiff is not entitled to injunctive relief. Id.

Accordingly, it is RECOMMENDED that Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction (ECF No. 34) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

1 of California. Within thirty (30) days after being served with a copy, any party may file
2 written objections with the court and serve a copy on all parties.  Such a document should
3 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The
4 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).
5 The parties are advised that failure to file objections within the specified time may waive
6 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    October 25, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE