UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. POLLARD, <br><br>          Plaintiff, <br><br>    v. <br><br>K. HARRINGTON, et al., <br><br>          Defendants. <br>_____/ | CASE No.   1:09-cv-1232-LJO-MJS (PC) <br><br>ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM <br><br>(ECF No. 21) <br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Jerry E. Pollard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.

Plaintiff initiated this action on Mary 1, 2009. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint and dismissed it with leave to amend for failure to state a claim. (ECF No. 16.) Plaintiff filed a First Amended Complaint on June 4, 2010. (Am. Compl., ECF No. 21.) No other parties have appeared in the action.

Plaintiff's Amended Complaint is currently before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## II.  SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at Salinas Valley State Prison.  The events alleged in his Complaint apparently occurred at Kern Valley State Prison ("KVSP").  Plaintif's pleading is less than clear, but appears to allege that the following individuals violated his rights under the First Amendment, Eighth Amendment, Fourteenth Amendment, and the Americans with Disabilities Act:[1] 1) K. Harrington, KVSP warden, 2) N. Dill, Jr., associate warden, 3) Dr. Sherry Lopez, Chief Medical Officer/ Health Care Manager, 4) J. White, correctional counselor, 5) J. Hart, 6) W.A. Duncan, deputy director of adult institutions 7) C. Sandoval, 8) M. Jeffreys, 9) J. Garcia, correctional counselor, 10) R. Strown, correctional counselor, 11) T. Frazier, 12) C. Waddle, lieutenant sergeant, 13) Dr. Akanno, and 14) Dr. Spaeth, Chief Physician and Surgeon.

Plaintiff factual allegations follow a stream of consciousness format and lack clear dates and times.  It is difficult to determine when and how the various events occurred, if and how they are related and which Defendants are charged with which specific wrongdoings. If Plaintiff chooses to file an amended complaint, he must set forth his facts in a clear, chronological manner, focusing on the who, what, when, where, and why of each

---

[1] Plaintiff does not state what statutes Defendants violated.  The Court surmises from his allegations that he wishes to bring claims under the First Amendment, Eighth Amendment, Fourteenth Amendment, and the Americans with Disabilities Act.  If Plaintiff chooses to file an amended complaint, he should state what statutes Defendants allegedly violated.

separate alleged wrong.  Failure to do so will make it difficult for the Court to determine if he has a cognizable claim.

Plaintiff's current allegations, interpreted to the best of the Court's abilities, appear to be as follows:

On November 26, 2007, Plaintiff was granted single cell housing status.  (Am. Compl. at 4.)  Plaintiff has a severe degenerative disc disease which required surgery and keeps him in excruciating pain.  (Id. at 9.)  Several different committees tried to prevent Plaintiff from maintaining his single cell status.  (Id. at 4-6.)  A committee composed of Defendants J. Garcia, Strown, and White on an unspecified date reviewed an accommodation chrono from Defendant Akanno and did not find that Plaintiff required a single cell.  (Id. at 3-4.)[2]  Plaintiff informed this committee about Defendant Sandoval's efforts to house disabled inmates with general population inmates and Defendant Garcia, relying on a housing policy written by Defendant Duncan, said there were institutional needs for double celling these two types of inmates. (Id. at 4.)

On September 10, 2008, Defendant White, with others, referred Plaintiff for reevaluation of his single cell status.  (Am. Compl. at 4-5.)  On September 16, 2008, Defendant Akanno did a full examination of Plaintiff and recommended permanent single cell status.  (Id. at 5.)  On September 25, 2008, in front of a committee consisting of Defendant Garcia and others, Plaintiff was referred to another committee and given temporary single cell status pending the other committee's decision.  (Id.)

On September 26, 2008, Defendant White questioned why Defendant Akanno approved Plaintiff for single cell status.  (Am. Compl. at 5.)  Defendant Akanno decided not to recommend Plaintiff for single cell status.  (Id. at 6.)  Defendants White, Dill, Lopez, Spaeth, and Akanno prevented Plaintiff from being approved for single cell status.  (Id. at 5-6.)

Defendant Dill violated Plaintiff's due process and ADA rights.  (Am. Compl. at 6.)

---

[2] It is unclear from Plaintiff's Amended Complaint and exhibits when exactly this committee meeting took place.

After denying Plaintiff his single cell status, Defendant Dill tried to move Plaintiff out of his ADA cell and told him that if he refused to accept a cell-mate Plaintiff's property would be taken away and he would be given an indeterminate sentence for the Secured Housing Unit. (Id. at 7.)

The actions of Defendants White and Dill have chilled Defendants Akanno and Lopez, both doctors, and prevented them from properly using their medical skills. (Am. Compl. at 10.)

On November 18, 2008, Plaintiff refused to accept a cell-mate and Defendant Waddle put Plaintiff in Administrative Segregation ("Ad-Seg"). (Am. Compl. at 8.) On the same day, Defendants Sandoval, Jeffreys, and Waddle refused to return Plaintiff to an unspecified facility. (Id.) Plaintiff was released from Ad-Seg on November 19, 2008. (Id.) Plaintiff was in the cell for two months without charges and without his personal property. (Id.)[3]

At some point after May 17, 2010, Plaintiff had to accept a cell-mate. (Am. Compl. at 8.)

Plaintiff asks for injunctive relief because Defendant Harrington is aware of prison officials taking disabled inmates' property. (Am. Compl. at 9.) Plaintiff asks for declaratory relief; an injunction directing Defendants to provide Plaintiff with a single cell, return his property to him, and transfer him to the California Medical Facility; and Court enforcement of a federal court injunction. (Id. at 3.) Plaintiff also asks for $300,000 from each Defendant as financial compensation for false imprisonment, distress, depression, anxiety, and emotional fear of serious physical harm. (Id.)

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

---

[3] Plaintiff's allegations are confusing. He appears to both allege that he was only in Ad-Seg from November 18 to November 19, 2008 and that he was in Ad-Seg for two months starting on November 18, 2008. Plaintiff should clarify this in his amended complaint.

a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed .R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.    Linkage Requirement

Pursuant to § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Although Plaintiff has alleged that certain Defendants took actions to prevent him from obtaining single cell status, he fails to tie almost all Defendants to a violation of his specific constitutional rights. After reviewing Plaintiff's Complaint, it appears that Plaintiff might wish to bring claims under the First Amendment, Eighth Amendment, Fourteenth

Amendment, and the Americans with Disabilities Act. If Plaintiff chooses to file an amended complaint, he should clearly state what constitutional right(s) each individual Defendant violated.

### C. First Amendment - Retaliation

Plaintiff has alleged that various Defendants threatened to take certain actions if he continued his efforts to obtain single cell privileges. Plaintiff alleges that Defendant Dill threatened to take away his property and Defendant Waddle placed him in Ad-Seg because he tried to receive single cell status.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has alleged that Defendant Dill threatened to take away his property and Defendant Waddle placed him in Ad-Seg because of his continuous efforts to obtain single cell status. These actions constitute adverse actions and Plaintiff has satisfied the first prong of a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory

intent"). Plaintiff has alleged that Defendants Dill and Waddle took their adverse actions after he refused to stop trying for single cell status, but he does not set forth sufficient factual allegations to enable the Court to determine if there was a direct link between Defendants' actions and Plaintiff's efforts to obtain single cell status. If Plaintiff chooses to file an amended complaint, he should clearly explain the sequence of events and the circumstances surrounding Defendants' actions including the reasons, if any, Defendants gave for their actions.

With respect to the third prong, filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has only alleged that he tried to obtain single cell status due to his disability. He has not alleged that he was engaged in protected First Amendment activities. If he chooses to file an amended complaint, Plaintiff should explain the First Amendment activities in which he engaged.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Again, because the facts alleged in Plaintiff's Amended Complaint are so unclear, it is difficult to determine whether Defendants' actions would chill or silence a person of ordinary firmness. In his amended complaint, Plaintiff should explain if he was silenced, in what way he was silenced, what actions lead to this silence and why and how they did so.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. From what Plaintiff has alleged thus far, it appears that Defendants had a valid penological

reason for refusing to assign him single cell status. If Plaintiff chooses to file an amended complaint, Plaintiff should explain why it was necessary for him to have single cell status and why he alleges there was no valid penological reason for denying him that status.

Plaintiff will be given leave to file an amended complaint. In his amended complaint, he should include additional details regarding the alleged retaliation and make sure he specifically links individual defendants to his retaliation claim.

### D. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734. Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

Plaintiff has not met either prong of an Eighth Amendment conditions of confinement claim. He has not fully explained why he required a single cell; he references his painful degenerative disc disease, but does not explain how or why this condition necessities a single cell.

Plaintiff will be given leave to amend this claim, and if he chooses to file an amended complaint, he should review the standard set forth above and explain how the lack of a single cell created a serious risk of harm and how any individual Defendant was deliberately indifferent to this risk

### E.     Fourteenth Amendment

Plaintiff alleges that Defendant Dill violated his due process rights. Plaintiff appears to be alleging a Fourteenth Amendment due process claim against Defendant Dill.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). A disabled prisoner has a protected liberty interest in being free from confinement in a non-handicapped-accessible administrative housing unit. Serrano v. Francis, 345 F.3d 1071 (9th Cir. 2003).

Plaintiff has not alleged sufficient facts for the Court to determine if he was deprived of a liberty interest and has failed to state a cognizable due process claim. He makes allegations regarding a medical condition, but does not explain why depriving him of a single cell amounted to a deprivation of a liberty interest.

Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should explain which, if any, hardship amounted to a deprivation of a specific liberty

interest and when exactly he was deprived of this interest.

### F. American with Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dep't of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

It is not clear from the pleadings whether Plaintiff indeed intends to make an ADA claim. In passing he mentions that Defendant Dill violated his ADA rights to "safe housing." (Am. Compl. at 7.) To state a cognizable claim, Plaintiff must clearly allege facts demonstrating that because of his disability he was excluded from a service, program, or activity that he was otherwise qualified to participate in. Plaintiff must also link an individual defendant to this claim.

///

### G. Injunctive Relief

Plaintiff seeks injunctive relief in the form of providing Plaintiff with a single cell, returning his property to him, and transferring him to the California Medical Facility.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Amended Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Here Plaintiff's concerns for his safety are vague and unclear.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, a second amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's First Amended Complaint, filed June 4, 2010, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this

/////

/////

order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 29, 2012             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE